Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8370 | **DATE** | 10/21/2004 |
| **CASE TITLE** | Jackson vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Angela Jackson's motion to vacate, set aside, or correct her sentence brought pursuant to 28 U.S.C. § 2255 is denied. See attached.

(11) ☒ [For further detail see order (on reverse side of/attached) to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 5 2004 | 10 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 2004 OCT 22 PM 5:03  U.S. DISTRICT COURT | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |



```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
         EASTERN DIVISION
```

| | | |
|---|---|---|
| ANGELA JACKSON, | ) | |
| Movant, | ) | No. 01 C 8370 |
| v. | ) | Honorable Charles R. Norgle |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Angela Jackson's motion to vacate, set aside, or correct her sentence brought pursuant to 28 U.S.C. § 2255. Movant, Angela Jackson ("Jackson"), challenges her sentences for mail fraud, wire fraud, and obstruction of justice. For the reasons stated below, the motion is denied.

## I. BACKGROUND[1]

### A. Facts

In 1996 Jackson, an African American, opened a business intending to sell African American artwork. Jackson then bought several paintings from the Chicago artist Bayo Iribhogbe for $2000, and instructed Iribhogbe to send her the prints via United Parcel Service ("UPS"). Iribhogbe did so, and the UPS driver and building personnel at Jackson's residence testified that the packages were delivered to Jackson in an undamaged condition. Nevertheless,

---

[1] A detailed description of the events underlying Jackson's convictions is recited in United States v. Jackson, 208 F.3d 633 (7th Cir. 2000).

1



Jackson submitted a claim to UPS for $572,000, asserting that the packages were damaged, and defaced with racial epithets. UPS refused to pay the claim.

At this point, Jackson began to send a series of letters to various African American notables, including, *inter alia,* Iribhogbe, members of Congress, the Reverend Al Sharpton, Jesse Jackson, and NAACP president Kweisi Mfume. These letters were mailed via UPS, and contained racial slurs on the outside of the envelopes. The return address on these letters was falsely listed as either the Euro-American Student Union or Storm Front, both white supremacy groups.

Prior to these events, Jackson hatched an even stranger scheme against a Chicago police officer. Sergeant Bernadette Heelan arrested Jackson for battery in June 1996. Jackson then "used her credit card to order bottles of wine, Playgirl magazine, and sex toys that were delivered to Heelan's home. Jackson then filed a complaint with the Internal Affairs Department of the Chicago Police Department accusing Heelan of stealing her credit card number during the arrest and using it to make these unauthorized purchases." Jackson, 208 F.3d at 636.

Jackson was subsequently charged under a ten count indictment alleging wire and mail fraud (18 U.S.C. §§ 1341 and 1343), and obstruction of justice (18 U.S.C. § 1503). After a jury trial at which Jackson testified in her defense, Jackson was convicted on all counts. This court then sentenced Jackson to a term of sixty months imprisonment on the wire and mail fraud counts, and a concurrent term of sixty-five months imprisonment on the obstruction of justice count. The Seventh Circuit affirmed in April 2000. See Jackson, 208 F.3d at 633.

## B. Procedural History

In October 2001, Jackson filed the present collateral attack on her sentence. Jackson then

2

filed a Memorandum in Support of her Motion in December 2001, and an Amended Memorandum in Support of her Motion in February 2002. The court then ordered the government to file a Response to Jackson's Motion. The government filed that Response in April 2002. Finally, Jackson filed a Reply to the Government's Response in May 2002. Jackson's Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct her sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default.

Section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Jackson's motion.

## B. Jackson's Claims for Relief under § 2255

Jackson raises a total of six claims she asserts entitle her to relief under § 2255. In her initial Motion to Vacate, Set Aside, or Correct her Sentence, Jackson asserts a Sixth Amendment violation of her "compulsory process rights," a Sixth Amendment violation of her "right to appeal," and asserts that a new rule of law entitles her to relief. In her Memorandum in Support of her § 2255 Motion, she asserts that her sentence exceeds the allowable statutory maximum, in violation of the United States Supreme Court ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). In her Amended Memorandum in Support of her § 2255 Motion, she asserts that her sentence was improper under the Federal Sentencing Guidelines ("Guidelines"). In her Reply to

4

the Government's Response, she again asserts improper sentencing under the Guidelines, and adds an ineffective assistance of counsel claim. Finally, in her Reply, Jackson asks for an evidentiary hearing in order to resolve issues concerning the court's decisions at trial, and her counsel's effectiveness.

### 1. Jackson's Claim of a Sixth Amendment Violation of her "Compulsory Process Rights"

Jackson makes the following assertions in support of this claim: (1) "The trial judge denied me the opportunity to make a record of witnesses I needed to call in my favor;" (2) "The trial judge told me and my Attorney that local rules prohibited having a court reporter at the Ex parte hearing." Mot. Under 28 U.S.C. § 2255, at 5. Jackson, however, is procedurally barred from bringing either of these issues in her § 2255 motion.

As to (1), it is not clear whether Jackson is disputing the court's decision to exclude evidence at trial, or whether she is disputing the court's alleged decision to deny her the opportunity to make a record of potential witnesses. Jackson raised the issue of the court's exclusion of evidence relating to white supremacist groups on appeal. See Jackson, 208 F.3d at 636. If Jackson is disputing the court's decision to exclude this evidence, she is barred from raising this issue in a § 2255 motion. See Belford, 975 F.2d at 313 (a § 2255 motion cannot raise issues that were raised on direct appeal without a showing of changed circumstances); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995). Jackson failed, on appeal, to raise the issue of the court's alleged decision to deny her an opportunity to make a record of potential witnesses. If Jackson is disputing this alleged decision, she is also barred from raising this issue in a § 2255 motion. See Belford, 975 F.2d at 313 (a § 2255 motion cannot raise non-

5

Constitutional issues that could have been raised on direct appeal but were not, nor can a § 2255 motion raise Constitutional issues that were not raised on direct appeal). As to (2), Jackson could have brought this issue to the attention of the appellate court, but she failed to do so. Jackson is therefore also procedurally barred from raising this issue in a § 2255 motion. See id. Because Jackson makes no showing of cause for failing to raise these two issues, actual prejudice to her from failing to raise these issues, or a "fundamental miscarriage of justice," Jackson's first claim for relief under § 2255 is denied. See id.; see also McCleese, 75 F.3d at 1177-78.

### 2. *Jackson's Claim of a Sixth Amendment Violation, Denial of Right to Appeal*

Jackson next asserts that the court's decision at trial not to make her "offer of proof available to the appellate court as part of defendant's complete record" prejudiced her ability to argue her appeal "effectively." Mot. Under 28 U.S.C. § 2255, at 5. Because Jackson failed to raise this issue on appeal, it is procedurally barred at this stage of the game. See Belford, 975 F.2d at 313. Because Jackson again makes no showing of cause for failing to raise this issue, actual prejudice to her from failing to raise this issue, or a "fundamental miscarriage of justice," Jackson's second claim for relief under § 2255 is denied. See id.; see also McCleese, 75 F.3d at 1177-78.

### 3. *Jackson's Claim of a "New Rule of Law"*

Jackson cites to the Electronic Signatures in Global and National Commerce Act ("ESGNCA"), 15 U.S.C. § 7001 *et seq.*, and asserts that this statute "grants the legal recognition of electronic records giving them full weight as a hand written document." Mot. Under 28 U.S.C. § 2255, at 5. Jackson's assertion is arguably a correct statement of law. See 15 U.S.C. § 7001(a)(1) ("a signature, contract, or other record relating to [a] transaction may not be denied

legal effect, validity, or enforceability solely because it is in electronic form . . . ."). This statute was promulgated in order to "facilitate the use of electronic records and signatures in interstate and foreign commerce by ensuring the validity and legal effect of contracts entered into electronically." ESGNCA, Executive Summary, *at* http://www.ftc.gov/os/2001/06/esign/7.htm. Jackson does not explain what relevance a statute promulgated to facilitate e-commerce has to her case. Jackson's third claim for relief under § 2255 is therefore denied.

### *4. Jackson's Apprendi Claim*

In Apprendi, the United States Supreme Court laid down the following rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Jackson asserts that her sentence exceeds the statutory maximum "because of factors not proved to a jury beyond a reasonable doubt." Mem. in Supp. of Def.'s Mot. Pursuant to 28 U.S.C. § 2255, at 1. Jackson's sentences, however, do not exceed the statutory maximum. Jackson was sentenced to sixty months imprisonment on the mail and wire fraud charges. See Sentencing Order of May 11, 1999. The statutory maximum for these offenses at the time Jackson was sentenced was sixty months. 18 U.S.C. § 1341 (1999); 18 U.S.C. § 1343 (1999). Jackson was sentenced to sixty-five months imprisonment on the obstruction of justice charge. See Sentencing Order of May 11, 1999. The statutory maximum for this offense at the time Jackson was sentenced was one hundred and twenty months. 18 U.S.C. § 1503(b)(3) (1999). Jackson's fourth claim for relief under § 2255 is therefore denied.

### *5. Jackson's Claim that the Court Inappropriately Applied the Federal Sentencing Guidelines*

In her Amended Memorandum of February 1, 2002, and her Reply of May 21, 2002, Jackson asserts that the court failed to properly apply the federal sentencing guidelines to her case. Jackson, however, failed to bring this issue on appeal. See Jackson, 208 F.3d at 638 (on appeal, Jackson brought "evidentiary complaints," and asserted that one count was "improperly joined"). This claim is therefore procedurally barred. See United States v. Redding, 104 F.3d 96, 99 n.3 (7th Cir. 1996) ("arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all"); see also Martin v. United States, 109 F.3d 1177, 1178 (7th Cir. 1996). Jackson's fifth claim for relief under § 2255 is therefore denied.

### *6. Jackson's Ineffective Assistance of Counsel Claim*

In order to establish that her counsel was ineffective, Jackson must "show that [her] counsel's performance was deficient, and that the deficiency prejudiced [her] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694). An ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

Jackson asserts that her attorney's performance was deficient for the following two

reasons: her attorney failed to object at trial, and on appeal, to the court's allegedly flawed application of the Guidelines, and her attorney failed to appeal her conviction for obstruction of justice. Def.'s Reply to Gov.'s Response to Angela Jackson's § 2255 Mot., at 5. Jackson then alleges prejudice, as, she asserts, these errors resulted in a higher sentence that she would have received absent these errors. Id. at 6.

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). To succeed in her claim, Jackson must show "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to her] by the Sixth Amendment . . . ." Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687). Jackson merely alleges that, in hindsight, her attorney made strategic errors. This allegation is not enough to sustain a claim of ineffective assistance of counsel. See Strickland, 466 U.S. at 689. Jackson's sixth claim for relief under § 2255 is therefore denied.

### 7. *Jackson's Request for an Evidentiary Hearing*

Jackson requests an evidentiary hearing in order to examine the actions of the court, and her counsel. Def.'s Reply to Gov.'s Response to Angela Jackson's § 2255 Mot., at 6. Evidentiary hearings are not required if the § 2255 "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2; see also Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir 1995). In this case, several of Jackson's claims under § 2255 are procedurally

9

barred. Another claim cites an irrelevant statute. Her sentences did not exceed the statutory maximum. Her ineffective assistance of counsel claim falls well short of the Strickland standard. The record thus conclusively shows that Jackson is entitled to no relief under § 2255. Jackson's request for an evidentiary hearing is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Angela Jackson's motion to vacate, set aside, or correct her sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 10/22/04